IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

    Petitioner,

  vs.

JOHNSON COUNTY DISTRICT
COURT,

    Respondent.

**8:25CV639**

**MEMORANDUM AND ORDER**

  This matter is before the court on preliminary review of Kevin L. Ballard's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed in this court on October 31, 2025. For the reasons explained below, the petition will be dismissed and no certificate of appealability will be issued.

## I. BACKGROUND

  Petitioner alleges he was charged in Saunders County, Nebraska with Driving Under the Influence (DUI) and while housed in Lincoln, Nebraska, appeared before the county court by Zoom. *See State v. Kevin Ballard, Sr.*, CR 25-133 (Saunders Cnty. Ct.). He was represented by counsel after his initial hearing before the court.

  Petitioner claims the name of the district court judge, Christina M. Marroquin, appeared on the Zoom screen for his initial appearance, but the judge was male. He claims the judge asked if he wanted counsel, and when Petitioner was told he would not have an attorney that day, he chose to enter a no contest plea rather than wait. Filing No. 1 at 3.

After entering his no contest plea and before sentencing, Petitioner questioned whether the State had sufficient toxicology evidence to support a conviction. So, he sent a letter to District Judge Marroquin asking for toxicology information and to withdraw his no contest plea. Filing No. 1 at 4.

At his sentencing hearing, Petitioner asked if the judge received his letter, and the judge confirmed that he had. Petitioner asked to withdraw his no contest plea and for a copy of the toxicology report. These requests were denied, and he was sentenced "on the high end." Filing No. 1 at 4.

Petitioner appealed the ruling to the Saunders County District Court. When Judge Marroquin signed the documents on appeal, Petitioner realized the county court judge was County Judge Andrew Lange,[1] not Judge Marroquin. Judge Marroquin affirmed the conviction and sentence on September 16, 2025. *State v. Kevin L. Ballard, Sr.*, CR25-41 (Saunders Dist. Ct.). Petitioner did not appeal. The mandate was entered on October 17, 2025.[2]

In his habeas petition, Ballard claims his conviction and sentence are void because Judge Lange did not properly identify himself and did not actually read the letter Petitioner sent to Judge Marroquin. He claims the Saunders County judges conspired to convict him in violation of his rights. Filing No. 1 at 8.

Petitioner names the Johnson County District Court as the respondent. He is currently in the custody of the Tecumseh State Correctional Institution.

---

[1] Referred to as "Edward" Lange in his Petition.

[2] This Court has access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. *See* https://www.nebraska.gov/justice/case.cgi. The Court takes judicial notice of the state court records related to this case in *State v. Monterroso*, No. CR22-1232, District Court of Lancaster County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

2

## II. DISCUSSION

The Johnson County District Court was not involved in Ballard's DUI proceedings, and it is not his custodian while in jail. The petition must be dismissed for failure to name the correct respondent.

Moreover, as set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i) there is an absence of available State corrective process; or

            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id*. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition

3

for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that Petitioner did not exhaust his available state court remedies *before* filing his habeas case in this forum. Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this Court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

4

2. A judgment will be entered by separate document.

Dated this 3rd day of December, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge